OPINION

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN MATIAS LINO-GOMEZ, § | | |
|     Movant, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. B-10-232 |
| § | | (CRIM. NOS. B-08-690 & B-08-903) |
| UNITED STATES OF AMERICA, § | | |
|     Respondent. § | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Presently before the Court is Juan Matias Lino-Gomez's (Lino-Gomez) Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Docket No. 1). The United States has filed a response. (Docket No. 17). Lino-Gomez's motion should be denied for reasons explained below.

## BACKGROUND

In May 2007 Lino-Gomez pleaded guilty, in the Eastern District of Tennesse, to conspiracy to distribute less than fifty kilograms of marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Crim. Docket No. 1). Lino-Gomez received an 18-month imprisonment term and a two-year supervised release term without supervision.

During that very supervised release term, specifically on July 2, 2008, Lino-Gomez pleaded guilty to being an alien unlawfully found in the United States after being removed from the Nation and after having been previously convicted of an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and 1326(b).

After pleading guilty to violating 8 U.S.C. §§ 1326(a) and 1326(b) on August 7, 2008, Lino-Gomez's supervised release term was transferred from the Eastern District of Tennessee, Knoxville Division, to the Southern District of Texas, Brownsville Division. (Crim. Docket No. 1 at 1). United States District Judge Hilda G. Tagle sentenced Lino-Gomez to a 46-month imprisonment term, a three-year

1

supervised release term without supervision, and a special assessment of $100.00, on October 8, 2008, for violating 8 U.S.C. § 1326. (Crim. Docket No. 38). In addition and on that day, Lino-Gomez was sentenced to a four-month imprisonment term, to run consecutive to his § 1326 sentence just-mentioned, for violating the terms of his supervised release. Lino-Gomez did not appeal either sentence and judgments in both cases were entered on November 7, 2008.

Lino-Gomez filed the instant action on September 20, 2010. (Docket No. 1). The United States responded on April 8, 2011. (Docket No. 17).

## ALLEGATIONS

Lino-Gomez alleges entitlement to § 2255 equitable tolling given that he concedes that the Motion is time-barred. Lino-Gomez blames his attorney for his failure to timely file the present motion.

Lino-Gomez additionally alleges constitutionally ineffective assistance of counsel because (1) his attorney did not appeal his case; and (2) that attorney misrepresented to Lino-Gomez that his sentence would be appealed.

## SECTION 2255 STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, there are four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the district court was without jurisdiction to impose this sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of the collateral challenge is extremely limited, being reserved for instances of constitutional or jurisdictional magnitude. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional magnitude, the Movant must show that the error could not have been raised on direct appeal and would, if condemned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

# I
# THE PRESENT MOTION'S TIMELINESS

The Court must determine whether it may properly consider the claims brought pursuant to a § 2255 motion before addressing the specific allegations within. Title 28 U.S.C. § 2255 provides a one-year time limitation for filing a § 2255 motion. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A conviction becomes final for a § 2255 purposes at the expiration of the direct appellate process. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005). The direct appellate process ends when a final judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or finally denied. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Both of the convictions Lino-Gomez presently challenges were entered on November 7, 2008. When a federal prisoner fails to pursue the direct appeal process the conviction becomes final for purposes of § 2255 after the 14-day period for filing a direct appeal. *See* Fed. R. App. P. 4(b)(1)(A). Lino-Gomez's direct appellate process ended on November 21, 2008.

Under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1), Lino-Gomez was required to file a § 2255 motion by November 23, 2009.

Lino-Gomez filed the instant motion on September 14, 2010, rendering the Motion untimely.

## II
## EQUITABLE TOLLING

Only rare and exceptional circumstances warrant the equitable tolling of a late-filed § 2255 motion. *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000). If the movant does not diligently act to meet the one-year statute of limitations then equitable tolling is not warranted. *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). The Fifth Circuit has found equitable tolling warranted in only a few circumstances, " 'principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002) (quoting *Coleman*, 184 F.3d at 402; *see also*, *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1999) (Rulings that are inconsistent by the district court constituted exceptional circumstances); *United States v. Patterson*, 211 F.3d 927 (5th Cir. 2000) (If a District Court gives the movant the mistaken impression as to the filing deadline equitable tolling is warranted); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (Equitable tolling is warranted where the movant alleged "he was deceived by his attorney into believing that a timely § 2255 motion had been filed on his behalf")). On the other hand, the Fifth Circuit has not found the application of equitable tolling warranted for reasons which were "garden variety claims of excusable neglect." *Lockingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002).

In this case, Lino-Gomez has not expressed any exceptional circumstances to warrant equitable tolling. Lino-Gomez indicates he wrote the Court a letter inquiring as to whether his case was appealed. (Docket No. 1 at 2). Nothing submitted indicates Lino-Gomez's lawyer, nor the District Court, hindered, deceived or misinformed him of the date to file his § 2255 Motion. Although Lino-Gomez indicates he sent one letter to the Court—an act not substantiated by the record—inquiring about the status of his appeal, this does not constitute acting diligently to file a § 2255 motion. The Court remains unconvinced that Lino-Gomez has satisfied

his burden of demonstrating to the Court that he is entitled to equitable tolling. Nevertheless, out of the abundance of caution, the Court will examine the merits of Lino-Gomez's collateral challenge.

### III
### LINO-GOMEZ'S PLEA AGREEMENT

Even if Lino-Gomez had timely filed the present motion, Lino-Gomez bargained away his ability to file the present motion pursuant to a plea agreement. Federal courts conduct a two-step inquiry in determining whether collateral attack of a sentence is barred by a waiver provision in a plea agreement: (1) whether the waiver was known and voluntary; and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *See United States v. McKinney*, 406 F.3d 744, 746-47 (5th Cir. 2005); *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Under this test, Lino-Gomez waived his rights to file a § 2255 motion collaterally attacking his sentence, and he may not escape the bargain to which he knowingly and voluntary agreed.

In his plea agreement dated July 1, 2008, Lino-Gomez waived his right to appeal and file a § 2255 motion. (Crim. Docket No. 17). Section 10 of the plea agreement states:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentenced imposed. The agreement agrees to waive the right to appeal the sentence imposed or the manner in which it has determined on **any grounds set for in Title 18 U.S.C. § 3742**. Additionally, the defendant is aware that Title 28 U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become valid. The defendant waives the right to contest his conviction or sentence by means of any post-conviction proceeding, **including but not limited to Title 28, U.S.C. § 2255**. . . .

Plea Agreement at 4 (emphasis in original). (Crim. Docket No. 17). If the record "clearly indicates that a defendant has read and understands his plea agreement

. . . the defendant will be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). Specifically, in regard to appellate waivers, the Fifth Circuit has held that an informed and voluntary appellate waiver will be enforced. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). A district court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)). A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt. *James v. Cain*, 56 F3d at 666 (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

Lino-Gomez certified in writing that he had read and carefully reviewed every part of the plea agreement with his attorney and that he voluntary agreed to it. Plea Agreement at 9. (Crim. Docket No. 17). Lino-Gomez confirmed that he understood all of the terms discussed in the plea agreement at his rearraignment hearing. *See* Hr'g Tr. at 22. (Crim. Docket No. 43). The Court asked the prosecutor to summarize Lino-Gomez's plea agreement, and in so summarizing the prosecutor stated on the record that Lino-Gomez had agreed to give up his rights to collaterally attack his sentence. *Id.* When questioned by the Court as to whether those were the terms that Lino-Gomez had agreed to, Lino-Gomez responded that he had. *Ibid* at 23. Further, the Court questioned Lino-Gomez regarding his plea agreement, asking, "[B]y entering into this agreement and entering a plea of guilty, you will have waived or given up your right to appeal or collaterally attack all or part of the sentence. Do you understand that […]?" *Id.* at 33. Lino-Gomez responded that he understood. *Id.*

Lino-Gomez knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. Evidence of his sworn statements in court clearly show the nature of the constitutional protection he was waiving and the charges against him such that his plea is a valid admission of guilt. *See James v. Cain*, 56 F.3d at

666. Lino-Gomez's sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 431 U.S. 63, 74 (1977). The Fifth Circuit affords great weight to a defendant's statement at the plea colloquy. *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Only allegations in his Motion not covered by this waiver may be raised in this instant § 2255 Motion.

## IV
## THE MERITS

The constitutional standard for determining whether a criminal defendant has been denied effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show the deficient performance prejudiced the defense. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994). A convicted defendant carries the burden of proof and must overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *See Strickland v. Washington*, 466 U.S. at 687-91; *Jones v. Cain*, 227 F.3d 228, 231 (5th Cir. 2000);

*Green v. Johnson*, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998); *Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir. 1993).

Additionally, "an error by counsel, even if professional unreasonable, does not warrant the setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067. "Any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the constitution." *Id*. In order to establish that he sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Williams v. Taylor*, 529 U.S. at 391; *Strickland v. Washington*, 466 U.S. at 694; *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (stating that a petitioner must show a reasonable probability that but for his appellate counsel's error, the outcome of his appeal would have been different).

The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair. Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him. *Williams v. Taylor*, U.S. at 393 n.17; *Strickland v. Washington*, 466 U.S. at 692.

Because a convicted defendant must satisfy *both* prongs of the *Strickland* test, failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong. *See Strickland v. Washington*, 466 U.S. at 700; *Ransom v. Johnson,* 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir. 1995); *Armstead v. Scott*, 37 F.3d at 210. Therefore, failure to establish that counsel's alleged performance fell below an objective standard of reasonableness renders moot the issue of prejudice. *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir.1990); *Thomas v. Lynaugh*, 812 F.2d 225, 229-30 (5th Cir. 1987), *cert. denied*, 484 U.S. 842 (1987).

It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice. *See Black v. Collins*, 962 F.2d at 401; *Martin v. McCotter*, 796 F.2d 813, 821 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057 (1987).

Lino-Gomez argues that his counsel was constitutionally ineffective because his counsel failed to appeal. An "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Here, even assuming Lino-Gomez's attorney guaranteed him that he would appeal his three-level enhancement, and that such guarantee was professionally unreasonable, Lino-Gomez suffered no prejudice because any appeal filed by his attorney would have been futile. It is futile to argue for an appeal in this case because Lino-Gomez had agreed pursuant to his plea agreement that he would specifically not appeal these enhancements. Furthermore, the fact that Lino-Gomez received a sentence other than indicated in his plea agreement should not be of any surprise and does not constitute prejudice because he was informed, in compliance with Rule 11 of the Federal Rules of Criminal Procedure, that the sentencing court was not bound by his attorney's sentencing estimates. *See* Hr'g Tr. at 22. (Docket No. 43).

However, according to *Gant v. United States*, "When a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel." 627 F.3d 677 (7th Cir. 2010) (citing *Kafo v. United States*, 467 F.3d 1063, 1069 (7th Cir. 2006)). To succeed in this type of situation, the defendant must show that he actually made a request to his attorney to file an appeal. *See Castellanos v. United States*, 46 F.3d 717, 719 (7th Cir. 1994). The making of a "request" is an absolute requirement to the formula. *Gant*, 627 F.3d 677. In the instant case, Lino-Gomez says he requested his attorney to file an appeal and his counsel assured him an appeal would be made. After numerous attempts to contact his counsel about the status of his appeal, Lino-Gomez claims he wrote the court a letter inquiring about the status of his appeal in which the court informed him no appeal had been made. (Docket No. 2 at 2). However, his

9

attorney produced a sworn affidavit, under oath, that no request was ever made. (Docket No. 18). If Lino-Gomez had produced a copy of a letter, notes or a recording from a phone call, notes from a conversation, a copy of an email sent, or anything as some proof of his request, the outcome in this issue may very well have been different. However, since no preservation of such request was made, this court finds Lino-Gomez's attorney's affidavit more credible.[1]

Secondly, Lino-Gomez argues that his counsel was constitutionally ineffective because his counsel misrepresented to him that his case would be appealed. This argument fails to meet the prejudice-prong of the *Strickland* standard for the same reason as his first argument. If Lino-Gomez's had made such assurances, these assurances would have caused Lino-Gomez no prejudice because the arguments raised by Lino-Gomez's attorney would have been meritless because he has already waived his right to appeal pursuant to his plea bargain. An attorney's failure to raise a meritless argument "cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *Strickland*, 466 U.S. at 691. Lino-Gomez's failure to cite any prejudice is fatal to his claim. *See Ransome v. Johnson*, 126 F.3d at 721.

Therefore, the Court faced with the instant claim finds that no professionally unreasonable attorney existed, and even if it did exist, there was no actual prejudice to Lino-Gomez's defense. Because the Court does not believe that Lino-Gomez can satisfy both *Strickland* prongs, this claim of ineffective assistance of counsel must fail. Furthermore, no evidentiary hearing is warranted because the record is adequate to fairly dispose of the allegations. *See United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

---

[1] Lino-Gomez's credibility is further called into question, and the Government rightly notes, that had Lino-Gomez written a letter to the Court inquiring about the status of his appeal, which he claims he did (Docket No. 1 at 2), the letter would have been supported by the record. However, there is nothing in the record to show that such a letter was ever filed with the Court.

10

## CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a Certificate of Appealability (CA), a movant may not appeal to the Fifth Circuit from a § 2255 motion. 28 U.S.C. § 2253(c)(1). A movant may receive a CA only if he makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To satisfy this standard, a movant must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that issues present are adequate to deserve encouragement to proceed further. *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Moreno v. Dretke*, 450 F.3d 158, 163 (5th Cir. 2006).

Although Lino-Gomez has not yet filed a notice of appeal, the Court may *sua sponte* rule on a CA because the district court that denies relief to a motion is in the best position to determine whether the movant has made a substantial showing of a denial of a constitutional right on this issues before the court. To further brief and argue the very issues on which the court has just ruled would be repetitious. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Lino-Gomez's motion the Court is confident that no outstanding issue would be debatable among jurists of reason. In the context of a CA, the Court finds that Lino-Gomez's claims fail to show that reasonable jurists would find that the issues presented are adequate to deserve encouragement to proceed further. *Slack*, 529 U.S. at 484. Although Lino-Gomez's motion raises important issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, a CA should be denied. *Slack*, 529 U.S. at 484.

## RECOMMENDATION

The Court finds that Movant's motion should be DENIED, and the action should be DISMISSED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Done at Brownsville, Texas, this 12th day of September 2011.

_____
Felix Recio
United States Magistrate Judge